(No. 1148—Claimant awarded $6,463.63.)

WILLIAM J. BRENNAN, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

CONTRACT—*State highway. When State not liable.* The State is not liable for loss accruing to a contractor in the construction of a part of its State highway.

SAME—*when award may be made. Reimbursement.* Where it appears that numerous changes of a different nature occurred in doing the work under the original contract than was originally contemplated by the parties, which occasioned additional expense in the performance of the contract by claimant, an award may be made to the contractor, on grounds of equity and good conscience, to reimburse him for the additional expense incurred.

LEE O'NEIL BROWNE, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed by claimant in this case alleges that on November 10th, 1924,. he entered into a certain contract of excavation to be done and executed by claimant, with the State of Illinois, represented by one William L. Sackett, then Superintendent of Waterways of the State of Illinois, which contract is set out verbatim in said declaration; that claimant, at the time of, and prior to the execution of said contract and prior to the putting in of his bid for the doing of said work by claimant, was assured by said Sackett that if he, claimant, would put in his bid at the figure which he did put it in at, and if, in the doing of the work it was found that he, claimant, could not do it at that figure, and come out whole, either because of unexpected developments in said work, or because radical changes resulting in additional work than appeared at time of entering into the contract, then that he, claimant, should be reimbursed over and above the contract to the extent of the reasonable cost thereof to claimant, plus ten per cent of the usual per cent allowed contractors over and above the cost; and that it was only because of this assurance on the part of said Sackett that claimant made the bid that he did, and entered into said contract; that he began work under said contract in November 1924, and concluded it in June of 1925; that after he began the work, the State, through its said Department of Waterways, did many things, in the course of other construction, which entirely changed the character of

the work to be done by claimant, and doubled and even trebled the labor involved; that this result to claimant was admitted by the said Department; and claimant avers that under the conditions presented at the time the bid was made, and the contract was executed, the work to be done did not require an expensive steam hoist, but could be done with "slips" or "wheel-scrapers"; but, by reason of the change of conditions resulting from the action of the Department, the work required the almost constant use of a steam-hoist, the customary rental of which is twenty dollars per day; that by reason of the unanticipated action of the Department relative to other construction, the distance of haulage, and the work of excavation, were both more than doubled in much of the work, and in fact some of the work rendered very difficult of accomplishment at all; that under said contract, in the doing of the work thereunder, he excavated and moved 10,652 yards; that he has been paid on that by the State of Illinois, the sum of $4,793.40, or 45 cents per yard; that this excavation has cost him, figuring his own working time put in, at $6.00 per day, and the steam-hoist rental at $20.00 per day, the sum of $10,131.33; that adding thereto 10% that he, claimant, as contractor, is entitled to, the total he should be paid on said contract, is $11,257.03 and that there is accordingly due and owing to claimant from the State of Illinois, the sum of $6,463.63, and claimant sets out an itemized statement of expenses incurred by him in the progress of said work, which is verified by affidavit.

The demurrer filed by the Attorney General of the State of Illinois, is sustained as a matter of law.

From the evidence in the case it appears that numerous changes occurred to make the work involved in the excavations called for in the contract more difficult and of a different nature than was originally contemplated. Among other things claimant testified as follows: "They let the spillway at the Pecumsaugan and instead of my taking the deposit out of the canal and throwing it up on the bank I had to move it up over the side and then take it over the bank and before the contract was let they let the water go through the canal in the main channel and after the men started to work at the spillway, they dammed the water up and kept it in the canal so that I had to work in a foot of water most of the time instead of dry land and an overhaul besides,—it more than doubled the

length of the haul. There were rocks in there that made it impossible to get them out of the water and I had to get chains and chain them to get them out."

While we do not concede that there is any legal liability on the part of the State of Illinois to reimburse claimant on account of the loss which he has sustained under the contract in question, we feel that in equity and good conscience, he should be paid for the expenses actually incurred by him in perfecting the work which he undertook, inasmuch as changes in the natural condition of the earth took place after the contract was entered into, without fault on the part of the claimant, and we accordingly award him the sum of $6,463.63.